IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAINLINE INFORMATION SYSTEMS, INC.,

    Plaintiff,

v.                                            Case No.: 4-11-CV-137-SPM-WCS

JIMMY D. FORDHAM,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

THIS CAUSE comes before the Court upon Defendant Jimmy D. Fordham's (Fordham) Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (doc. 10), and Plaintiff Mainline Information Systems', Inc. (Mainline) response (doc. 12).  For the reasons set forth below, the Court will deny the motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

#### A. Mainline's Complaint

On April 6, 2011, Mainline initiated this action by filing suit against Fordham.  In its complaint Mainline, a Florida corporation, makes the following assertions:

Mainline is in the business of selling, installing and servicing IBM mainframe computer systems and software in Florida and throughout the United States.  Mainline's business is built upon its strong sales personnel and the ability to maintain and recruit

new customers.  Mainline requires highly qualified sales personnel with in-depth knowledge of Mainline's business, product and services to effectively communicate with these current and potential customers.  Because of this sales focus, Mainline has spent substantial sums, time and effort creating competitive compensation packages, developing effective training methods, and designing employee procedures and policies in order to attract the most qualified sales personnel.

Mainline further asserts that Fordham was a high ranking employee of Mainline, working for Mainline for a total of ten and one-half years.  During this employment, Fordham held the position of Operations Manager, Vice President for Sales and Senior Vice President for Sales.  Fordham, in the capacity of his employment, was given access to confidential information regarding Mainline's employees, compensation and performance.  Fordham was also required to sign employment agreements which included promises not to compete with Mainline, not to solicit Mainline's customers and not to solicit Mainline's employees.

On November 6, 2009, Fordham was terminated from his employment with Mainline and shortly thereafter accepted a position with Sirius Computer Solutions, Inc. (Sirius) – a major competitor of Mainline.  In 2010, shortly after Fordham's termination from Mainline and upon the expiration of the period Fordham agreed not to compete or solicit customers, Fordham, using confidential information and trade secrets, began to systematically call Mainline employees attempting to persuade them to leave Mainline and join Fordham at Sirius.  In the process of making these solicitations, Fordham called employees who were employed by Mainline in its Leon County, Florida location.

B. Fordham's Motion to Dismiss

On May 5, 2011, Fordham filed a Motion to Dismiss for Lack of Personal Jurisdiction alleging that the Florida long-arm statue, which Mainline cited in its complaint, did not apply to give this Court personal jurisdiction over Fordham.  Fordham asserted in an affidavit that the Florida long-arm statute does not apply to Fordham in his individual capacity because during the entirety of his employment with Mainline, and continuing with his employment with Sirius, Fordham has resided and worked in Birmingham, Alabama.  Fordham further asserts that he has not resided in Florida, conducted any personal business within Florida nor made employment offers to any Mainline employees who were in Florida.

C. Mainline's Response

On May 10, 2011, Mainline filed its response to Fordham's Motion to Dismiss.

II. LEGAL STANDARD

A federal court of diversity jurisdiction may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution.  Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).  Thus, this Court must determine whether Florida's long-arm statute provides a basis for personal jurisdiction over the defendant.  Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996).  If the long-arm statute does provide a basis for personal jurisdiction, courts typically then decide whether the assertion of jurisdiction comports with notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.  Id.; World-Wide Volkswagen

Corp. v. Woodson, 444 U.S. 286 (1980). However, as Fordham did not raise a Due Process challenge in his Motion, this Court will not address the constitutional component of personal jurisdiction in this Order.

A defendant may raise the defense of lack of personal jurisdiction through a motion to dismiss. See Fed. R. Civ. P. 12(b)(2). If the district court does not conduct a discretionary hearing on the motion to dismiss, then the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction over the non-resident defendant. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988)). This prima facie case is established if there is enough evidence to withstand a motion for a directed verdict. Id.

If the plaintiff establishes this burden of proof, then the burden shifts to the defendant to make a prima facie case showing lack of personal jurisdiction via affidavits, documents and testimony. Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). If the defendant sustains this burden, then the plaintiff is required to substantiate allegations of personal jurisdiction through affidavits and other competent proof, and not by merely reiterating the factual allegations of the complaint. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (citing Prentice v. Prentice Colour, Inc., 779 F. Supp. 578, 583 (M.D. Fla. 1991)); but see Meier, 288 F.3d at 1269 (noting that plaintiff is not required to produce further evidence supporting jurisdiction when defendant's affidavit is merely conclusory assertion that jurisdiction does not exist). This effectively shifts the burden back to the plaintiff to prove the allegations giving rise to personal jurisdiction, through affidavits, testimony or other supporting evidence. Future Tech., 218 F. 3d at 1249. Yet despite

this requirement of substantiating evidence, the district court must accept as true the facts alleged in the plaintiff's complaint to the extent that they are uncontroverted by the defendant's affidavit. Madara, 916 F.2d at 1514. Moreover, where the plaintiff's complaint and the defendant's affidavit conflict, all reasonable inferences are drawn in favor of the plaintiff. Id.

## III. DISCUSSION

### A. Florida's Long-Arm Statute

Florida's long-arm statute provides that any person, including a non-resident of Florida, subjects himself to personal jurisdiction in Florida for a cause of action arising out of any of the acts enumerated in the subsections of the statute. Fla. Stat. §48.193(1). Mainline cites to three of these subsections in its complaint – Fla. Stat. §48.193(1)(a), (1)(b) and (1)(f)(1) – to allege that this Court has personal jurisdiction over Fordham. Each cited subsection will be discussed in turn.

*Fla. Stat. §48.193(1)(a)*

Florida's long-arm statute establishes this Court's personal jurisdiction over a non-resident defendant who operates, conducts, engages in, or carries on a business in Florida or has an office or agency in Florida. Fla. Stat. 48.193(1)(a). Mainline asserts that this Court has jurisdiction over Fordham according to this subsection and according to Fordham's business related activities within Florida.

When evaluating whether a defendant's activities amount to carrying on a business within Florida, a defendant's activities must be considered collectively and reveal a general course of business activity in Florida for pecuniary benefit. Future

Tech., 218 F.3d at 1249 (citing Sculptchair, 94 F.3d at 627).  Some factors relevant to such a consideration include the "presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served and the percentage of overall revenue gleaned from Florida clients."  Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005) (internal citations omitted).

However, statements made in Fordham's affidavit establish that none of the above-listed factors are present: Fordham has never resided, lived, voted, paid taxes, owned or leased property or listed an address or phone number in Florida.  Further, Fordham does not have a license to perform business in Florida, has no assets in Florida, has no personal office in Florida and claims to have never conducted personal business within Florida.  Mainline does not refute these statements through any evidentiary support.  Therefore, on these facts this Court cannot conclude that Fordham's activities amount to Fordham carrying on a business within Florida.

Further, Fordham raises the "corporate shield" doctrine which holds that personal jurisdiction does not extend over the individual capacity of a non-resident defendant when the defendant's acts within the forum state are performed solely in the defendant's capacity as a corporate employee for the benefit of a corporate employer. Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993).  Mainline does not refute the claim in Fordham's affidavit that all of Fordham's business activities performed within Florida were done in his capacity as a corporate employee.  Accordingly, this Court cannot use this subsection to establish jurisdiction over Fordham in his individual capacity.

Therefore, this Court cannot exercise personal jurisdiction over Fordham pursuant to Fla. Stat. §48.193(1)(a).

### *Fla. Stat. §48.193(1)(f)(1)*

Florida's long-arm statute grants this Court personal jurisdiction over a person who causes injury to persons or property within Florida, which injury arises out of an act performed outside of Florida, if the defendant was engaged in solicitation or service activities within this state.  Fla. Stat. §48.193(1)(f)(1).  Mainline alleges that the economic injury which resulted from Fordham's actions occurred within Florida and thus subject Fordham to this Court's personal jurisdiction over him.

However, Fla. Stat. §48.193(1)(f)(1) does not allow personal jurisdiction to be established over a non-resident defendant for acts occurring outside of Florida and which cause only financial or economic injury within Florida.  Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1337 (M.D. Fla. 2002) (citing Sun Bank, N.A. v. E.F. Hutton & Co., 926 F.2d 1030, 1033 (11th Cir. 1991)).  Thus, because Mainline pleads economic injury alone – without a pleading of physical injury or property damage – this is insufficient to establish personal jurisdiction over a non-resident defendant under Fla. Stat. §48.193(1)(f)(1).  Rogers v. Nacchio, 241 Fed. Appx. 602, 606 (11th Cir. 2007) (citing Aetna Life & Cas. Co. v. Therm-O-Disc, Inc., 511 So. 2d 992, 994 (Fla. 1987)).  Accordingly, this Court cannot exercise personal jurisdiction over Fordham through this subsection of Florida's long-arm statute.

### *Fla. Stat. §48.193(1)(b)*

Florida's long-arm statute establishes this Court's personal jurisdiction over a non-resident defendant who commits a tortious act within Florida for any cause of

action arising from that tortious act.  Fla. Stat. §48.193(1)(b).  Mainline alleges that Fordham's tortious act of interfering with business relationships between Mainline and its employees occurred within Florida and thus subjects Fordham to this Court's personal jurisdiction.

As discussed earlier, the corporate shield doctrine normally prevents a corporate employee from being haled into a forum state's court in his individual capacity when his actions in the forum state occur in his corporate capacity for the benefit of his corporate employer.  Doe, 620 So. 2d at 1006.  However, this doctrine does not apply when the employee commits intentional misconduct.  Id. at 1006 n.1.  Since Mainline has alleged an intentional tort, the corporate shield doctrine does not apply to exclude Fordham from this Court's exercise of personal jurisdiction under this subsection.  Id.

In deciding whether a tortious act has occurred within Florida, the defendant's physical presence is not required.  Horizon, 421 F. 3d at 1168 (citing Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002)).  In fact, the 11th Circuit has interpreted Fla. Stat. §48.193(1)(b) to grant this Court personal jurisdiction over a defendant who has committed a tortious act outside of Florida and which results in injury within Florida.  Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1216 (11th Cir. 1999); Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008).  However, the 11th Circuit has made clear that an injury to a business interest located entirely outside of Florida is not considered an injury resulting in Florida.  Estate of Scutieri v. Chambers, 386 Fed. Appx. 951, 954 n.6 (11th Cir. 2010).

Mainline has met its initial burden of proof of establishing personal jurisdiction through its allegations that Fordham systematically solicited, attempted to persuade and

offered signing bonuses to employees who worked in Florida in an attempt to persuade them to leave Mainline and to join Sirius – Fordham's current employer and a major competitor of Mainline.  The 11th Circuit has specifically stated that "allegations about an out-of-state defendant's telephonic, electronic, or written communications into Florida are sufficient to trigger jurisdiction under the Long-Arm statute provided, however, that the cause of action arises from that communication.[1]"  Horizon, 421 F.3d at 1168 (internal citations omitted).  Fordham's affidavit, although stating Fordham has not made any offers of employment, does not dispute or deny Mainline's allegations that Fordham made tortious solicitations to Florida employees.  Since Mainline's allegations are thus uncontroverted, this Court must accept them as true.  Madara, 916 F.2d at 1514.  Based on these facts, Mainline's allegations are sufficient to establish this Court's personal jurisdiction over Fordham through Fla. Stat. §48.193(1)(b).

IV. ORDER

Based upon the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

DONE AND ORDERED this twenty-fourth day of May, 2011.

s/ Stephan P. Mickle
Stephan P. Mickle
Chief United States District Judge

---

[1] Since Fordham's communications and solicitations to Mainline's employees form the basis of the tort Mainline has pled and solicitations are themselves the actual tort, this cause of action arises from the communications.  See Estate of Scutieri, 386 Fed. Appx. at 954 n.6; e.g. Horizon, 421 F.3d at 1168-69.