IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAINLINE INFORMATION SYSTEMS, INC.,

      Plaintiff,

vs.                                        CASE NO. 4:11cv137/RS-WCS

JIMMY D. FORDHAM,

      Defendant.

_____

## ORDER

Before me are Plaintiff's Motion for Preliminary Injunction (Doc. 5) and Defendant's Motion to Abate and Initial Response to Plaintiff's Motion for Preliminary Injunction (Doc. 21). An evidentiary hearing was held on July 20, 2011. The Motion is **DENIED**.

A party seeking a preliminary injunction bears the burden of establishing its entitlement to relief. *Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010). In considering the propriety of preliminary relief, four factors are relevant: (1) whether there is a substantial likelihood that the party applying for preliminary relief will succeed later on the merits; (2) whether the applicant will suffer an irreparable injury absent preliminary relief; (3) whether the harm that the applicant will likely suffer outweighs any harm that its opponent will suffer as a result of an injunction; and (4) whether preliminary relief would disserve the public interest. *Id*.

Here, Plaintiff's Motion seeks the entry of a preliminary injunction prohibiting the Defendant from continuing to contact Plaintiff's employees for the purpose of soliciting them to leave Plaintiff and for disclosing or utilizing trade secrets obtained while employed by Plaintiff. (Doc. 5, p. 10).  Thus, to be successful on the Motion, Plaintiff has to demonstrate that there is a substantial likelihood that it will succeed on the merits of its tortious interference with business relationship claim and/or its misappropriation of trade secrets claim.  (*See* Doc. 1, p. 4-5).

At hearing, Plaintiff presented no witnesses and only submitted two affidavits. The first affidavit is a threadbare declaration by Richard S. Kearney, Plaintiff's CEO, that the allegations of the complaint are true and correct. (Doc. 1, p. 6).  The second is the declaration of William Nemesi, a senior vice president for Plaintiff.  (*See* Doc. 29, Attach. 1).  Mr. Nemesi alleged that Defendant contacted twenty-two of Plaintiff's employees for the purpose of soliciting their employment.  He also alleges that an additional fourteen of Plaintiff's employees were contacted by Sirius personnel under the direction of Defendant.  Mr. Nemesi's allegations are the foundation for Plaintiff's Motion.  However, testimony presented at the hearing directly contradicts Mr. Nemesi's declaration.  Defendant testified that he had not been in contact with a majority of those listed in the declaration.  In addition, Mr. Applelby, Mr. Besley, Mr. Robbins, and Mr. Bench supported Defendant's testimony and stated that Defendant had never solicited them to be employed by Sirius.  The evidence presented at the hearing calls into question the accuracy of Mr. Nemesi's statement, and it does not indicate a systematic attempt to pirate Plaintiff's key personnel.

For these reasons, Plaintiff has not demonstrated a likelihood of success on the merits of its claims.  Plaintiff has not shown a likelihood that Defendant's interference "with an at-will employment contract [was] . . . purely malicious and not coupled with any legitimate competitive economic interest." *Hodge v. Orlando Utils. Comm'n*, 2009 U.S. Dist. LEXIS 77094 (M.D. Fla. Aug. 28, 2009) (*citing Heavener, Ogier Servs., Inc. v. R. W. Fla. Region, Inc.*, 418 So. 2d 1074, 1076-77 (Fla. 5th DCA 1982).  Likewise, Plaintiff has not shown a likelihood of success on the trade secrets count because it did not present any testimony regarding Defendant use of trade secrets.

**ORDERED** on July 21, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**